108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Solomon Betancourt CATANO, Defendant-Appellant.
 Nos. 95-1137, 95-1138.
 United States Court of Appeals, Second Circuit.
 March 5, 1997.
 
 Appearing for Appellant: Michael E. Lipson, Garden City, N.Y.
 Appearing for Appellee: David P. Porter, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE AMALYA L. KEARSE, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Solomon Betancourt Catano appeals from a judgment entered in the United States District Court for the Eastern District of New York, following his pleas of guilty before Reena Raggi, Judge, to one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846, and one count of kidnaping in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1). Catano was sentenced principally to 10 years' imprisonment, to be followed by a 20-year term of supervised release, and a $25,000 fine. On appeal, he challenges the imposition of the fine. We see no basis for reversal.
 
 
 4
 The Guidelines require the sentencing court to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Guidelines § 5E1.2(a). Waiver is permitted "[i]f the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine...." Id. § 5E1.2(f). The burden of establishing such indigence is on the defendant. See, e.g., United States v. Sasso, 59 F.3d 341, 352 (2d Cir.1995). "A defendant seeking to avoid a Guidelines fine on the basis of inability to pay must come forward with evidence of that financial inability.... The defendant can satisfy this burden by an independent showing, or by reference to his presentence report." United States v. Rivera, 971 F.2d 876, 895 (2d Cir.1992). However, reliance on an apparently favorable conclusion in the Probation Department's presentence report ("PSR") does not foreclose imposition of a fine where the defendant "has refused to cooperate with the Probation Department in exploring his financial resources," United States v. Sasso, 59 F.3d at 352, or where the PSR does not in fact conclude that the defendant lacked the ability to pay a fine but rather reports that the defendant made declarations of indigence, and the sentencing court finds those declarations to have been "self-serving," United States v. Rivera, 22 F.3d 430, 440 (2d Cir.1994).
 
 
 5
 A finding that the defendant is able to pay a fine may be supported by, e.g., "evidence of lucrative illegal activity," see, e.g., United States v. Orena, 32 F.3d 704, 716 (2d Cir.1994), but the court is not permitted to "base the imposition of a fine on its mere suspicion that the defendant has funds," United States v. Rivera, 22 F.3d at 440. The court's factual determinations will not be overturned unless clearly erroneous. See generally United States v. Liebman, 40 F.3d 544, 547 (2d Cir.1994).
 
 
 6
 In the present case, Catano contends that the PSR found him indigent, that the Assistant United States Attorney ("AUSA") concurred in that finding, and that the district court's imposition of the fine was based solely on speculation. The record belies these contentions. The PSR did not find Catano indigent but instead stated that Catano "appears" to be indigent. Further, the only stated basis in the PSR for that appearance was that Catano had "described himself as indigent with no significant assets." (Emphasis added.) At the sentencing hearing, the AUSA did not vouch that Catano was indigent but merely said that when Catano's apartment was searched no significant quantity of money was found and that his claim of current indigence was "consistent with what we found in the searches at the time."
 
 
 7
 The district court based its imposition of a fine (at the bottom of the applicable $25,000--$4 million Guidelines range) expressly on the facts that Catano had made "a lot of money" dealing in drugs and that he retained sufficient assets to retain his attorney and support his family. It was undisputed that Catano had retained his own attorney, and there was no indication that he had borrowed to do so. The court's finding that Catano had made a large quantity of money dealing drugs was supported by the evidence that he had been the New York manager of a large-scale narcotics operation. It was also supported by the fact, stated in the PSR, that Catano had no credit history in the United States, permitting the inference that he had sufficient liquid assets to support himself and his family in this country without borrowing or using credit cards. The PSR also stated that Catano refused to disclose to the Probation Department how he had supported himself while in the United States. We conclude that Catano did not meet his burden of showing that he could not pay a $25,000 fine and that the district court's finding that he had the ability to pay such a fine is not clearly erroneous.
 
 
 8
 We have considered all of Catano's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.